CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 05 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WAKEEL ABDUL-SABUR, | ) | CASE NO. 7:19CV00035 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, filed this pleading that the court construed and docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After review of the record, the court concludes that the petition must be dismissed as successive.

Abdul-Sabur challenges the validity of his confinement under the April 1999 judgment of the Circuit Court for Albemarle County convicting him of credit card theft and forgery and sentencing him to 25 years in prison. On June 9, 2000, while Abdul-Sabur's direct appeal was pending, the Supreme Court of Virginia decided Fishback v. Commonwealth, 532 S.E.2d 629 (Va. 2000) (holding that juries must be instructed regarding Virginia's statutory abolishment of parole in 1995). The Court declared that this new rule would apply only "prospectively to those cases not yet final" on the date of the Fishback decision. Id. at 634. In Abdul-Sabur's current § 2254 petition, he claims that his appellate counsel provided constitutionally ineffective assistance of counsel by failing to move to amend Abdul-Sabur's pending appeal to include a Fishback claim.

Abdul-Sabur filed his first § 2254 petition concerning the Albemarle County convictions in 2008, which this court dismissed as untimely filed under 28 U.S.C. § 2244(d). See Abdul-Sabur v. Virginia, Case No. 7:08CV00230 (W.D. Va. Apr. 17, 2008). His appeal was dismissed

because he failed to demonstrate grounds for a certificate of appealability under 28 U.S.C. § 2253(c).

A federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the court of appeals that the claims in the petition meet certain criteria. 28 U.S.C. § 2244(b)(3). Accordingly, when Abdul-Sabur filed a second § 2254 petition without the required certification from the court of appeals, this court summarily dismissed the petition as successive. <u>Abdul-Sabur v. State of Virginia</u>, 7:18CV00367 (W.D. Va. July 30, 2018). His appeal was dismissed under § 2253(c).

Abdul-Sabur has not obtained the required certification to pursue a successive petition as required under § 2244(b)(3) to bring his new ineffective assistance of counsel claim under § 2254 in this court. Therefore, the court must dismiss this petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 5th day of February, 2019.

_____
Senior United States District Judge